RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1/25/11
      ppb

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PRESTON GEORGE | DOCKET NO. 10-cv-1671; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| PAT THOMAS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) originally filed in the Middle District of Louisiana. The case was transferred to this district and Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) housed at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. However, he complains that he was misdiagnosed while incarcerated at Winn Correctional Center (WNC). Named as defendants are Medical Director Pat Thomas, Nurse Practitioner Cathy Richardson, Nurse Spence, and Cindy Park. Plaintiff seeks damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS ALLEGED

Plaintiff alleges that he received an HIV test while housed at WNC in 2008. He was told that the result of the test was positive for HIV. Then, after arriving at Hunt Correctional Center, a second and third test was administered. Those tests showed

negative results. Plaintiff states that he now suffers from depression because he was told that he had HIV when, in fact, he did not.

## *LAW AND ANALYSIS*

The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged any physical injury. He has only complained of emotional distress.

Moreover, even if Plaintiff had suffered some physical harm, his claims would still be subject to dismissal because he does not allege deliberate indifference on the part of any of the defendants. See Farmer v. Brennan, 511 U.S. 825, 837-43 (1994).

## *CONCLUSION*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 42 U.S.C. §1997e.

2

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3